```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

 DEREK SCHAFFER,                    1:18-cv-08842-NLH-AMD
 and CARL DIANTONIO,

                                    **MEMORANDUM**
            Plaintiffs,             **OPINION & ORDER**

      v.

 HOME MORTGAGE CORPORATION,
 DONALD E. SISSON, and PNC
 BANK,

            Defendants.

 DONALD E. SISSON,

            Counter-Claimant,

      v.

 DEREK SCHAFFER and CARL
 DIANTONIO,

            Counter-Defendants.

**APPEARANCES**:

DANIEL HENRY MARIANI
MATTHEW R. MCCRINK
MCCRINK, KEHLER & MCCRINK
475 ROUTE 73 NORTH
WEST BERLIN, NJ 08091

   *On behalf of Plaintiffs/Counter-Defendants*

DONALD E. SISSON
175 ACTION DRIVE
FAYETTEVILLE, GA 30215

   *Defendant/counter-claimant appearing pro se*

JAMES A. KASSIS
SCHENCK, PRICE, SMITH, & KING, LLP
220 PARK AVENUE
PO BOX 0991
FLORHAM PARK, NJ 07932-0991

*On behalf of Defendant PNC Bank*

**HILLMAN, District Judge**

WHEREAS, this matter concerns claims by Plaintiffs that Defendants conspired to steal or convert Plaintiffs' funds deposited in an escrow account at PNC Bank intended as a good faith deposit for Plaintiffs' purchase of Home Mortgage Corporation; and

WHEREAS, currently pending before the Court is Plaintiffs' motion for leave to file a third amended complaint (Docket No. 68); and

WHEREAS, Defendant PNC Bank has filed a letter stating that it does not oppose Plaintiffs' motion (Docket No. 71); and

WHEREAS, Defendant Donald Sisson, who is appearing *pro se*, filed an answer to Plaintiffs' proposed third amended complaint (Docket No. 72); and

WHEREAS, amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and an amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d

103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); and

WHEREAS, the Court finds no reason to not grant Plaintiffs' motion to file a third amended complaint;[1] and

WHEREAS, also pending before the Court is Sisson's motion (1) to dismiss Plaintiffs' claims against him because Plaintiffs have "not proven any of the allegations contained in any of previous or current complaints filed under this Civil Action," (2) award judgment in his favor on those claims, and (3) award him damages on his counterclaims (Docket No. 73, "MOTION TO DISMISS DEFENDANT DONALD E SISSON AND AWARD DAMAGES"); and

WHEREAS, as the Court noted in consideration of prior motions to dismiss filed by Sisson regarding the previous versions of the complaint:

> Sisson filed an answer to Plaintiff's original complaint and asserted a counterclaim. (Docket No. 5.) After Plaintiffs filed their first amended complaint and their second amended complaint, Sisson filed two motions to dismiss. (Docket No. 16, 17.) Sisson's motions contest the substance of Plaintiffs' allegations and relate his version of what occurred. In that way, Sisson's motions are more akin to summary judgment motions pursuant to Fed. R. Civ. P. 56, rather than motions to dismiss pursuant to Fed. R. Civ. P. 12. See Fed. R. Civ. P. 12(d) ("If, on a motion

---

[1] Plaintiffs' proposed third amended complaint has modified the parties. Plaintiffs are no longer proceeding on behalf of Home Mortgage Corporation, and defendants Joel S. Ardgetti, Esq., Larry Warner, and Robin Holland are no longer named as defendants. Defendant Marvin J. Zagoria is named a defendant in the proposed third amended complaint, but since Plaintiffs filed their motion, they have voluntarily dismissed their claims against him. (Docket No. 77.)

3

> under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The Court, however, will not convert Sisson's motion into one for summary judgment because it is too early in the case to resolve any disputed facts. See Petcove v. Public Service Electric & Gas, 2019 WL 137652, at *3 (D.N.J. 2019) (quoting Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000)) ("A court should not convert a motion . . . when little or no discovery has occurred.").

(Docket No. 57 at 7 n.4.); and

WHEREAS, the Court finds that the same analysis applies to Sisson's current motion to dismiss; and

WHEREAS, with regard to Sisson's filing of his answer and counterclaim to Plaintiffs' proposed third amended complaint directly after Plaintiffs filed their motion for leave to file a third amended complaint, rather than waiting until after Plaintiffs' third amended complaint was approved by the Court, because of Sisson's *pro se* status, the Court will deem Sisson's answer to the proposed third amended complaint to be a timely filed response to Plaintiffs' third amended complaint, including his counterclaim;[2]

THEREFORE,

IT IS on this ___22nd___ day of ___October___, 2019

ORDERED that the First MOTION for Leave to File Amended Complaint by CARL DIANTONIO, DEREK SCHAFFER [68] be, and the

---

[2] The Court will deem today's date to be the filing date of Sisson's counterclaims so that the counter-defendants may respond accordingly.

same hereby is, GRANTED; and it is further

ORDERED that the MOTION to Dismiss by DONALD E. SISSON [73] be, and the same hereby is, DENIED WITHOUT PREJUDICE.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.